UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DANIEL HOPPER,

    Plaintiff,

    v.

COMMISSIONER DORIS MEISNER AND
TWO JOHN DOES,

    Defendants.

Case No. C06-5057FDB

REPORT AND RECOMMENDATION:

**NOTED FOR:**
April 7th, 2006

    This civil rights action has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. § 636(b)(1)(B). Plaintiff is currently an INS detainee being held at the Northwest Detention Center pending deportation. Plaintiff is proceeding *in forma pauperis*. (Dkt. # 5). Plaintiff filed this action to challenge the actions of two John Doe United States Assistant Attorneys who allegedly indicated plaintiff could litigate his claim of United States citizenship from Trinidad. (Dkt. # 5).

## FACTS

    Plaintiff was deported to Trinidad and he alleges during his deportation hearings two Assistant United States Attorneys argued he could litigate his claim of United States citizenship from

REPORT AND RECOMMENDATION - 1

Trinidad. Plaintiff alleges that on his return he learned his deportation case was dismissed the day he was deported for lack of personal jurisdiction. Plaintiff states he returned from Trinidad on January 8th, 1994. (Dkt. # 5). Thus his claims against the two unnamed Assistant United States Attorneys are at least eleven years old. His claim against Commissioner Doris Meisner is that it would be cruel and unusual punishment to again deport him to Trinidad..

<u>DISCUSSION</u>

Plaintiff's action is intertwined with the facts involving his current deportation proceedings to the extent that proceeding with this action would call into question the propriety of his current detainment. When a person confined by government is challenging the very fact or duration of his physical imprisonment, and the relief he seeks will determine that he is or was entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus. <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 500 (1973). In June 1994, the United States Supreme Court held that "[e]ven a prisoner who has fully exhausted available state remedies **has no cause of action under § 1983 unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus.**" <u>Heck v. Humphrey</u>, 512 U.S. 477, 487 (1994)(emphasis added). The court added:

> Under our analysis the statute of limitations poses no difficulty while the state challenges are being pursued, since the § 1983 claim has not yet arisen. . . . [A] § 1983 cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated.

<u>Id</u>. at 489. "[T]he determination whether a challenge is properly brought under § 1983 must be made based upon whether 'the nature of the challenge to the procedures [is] such as necessarily to imply the invalidity of the judgment.' <u>Id</u>. If the court concludes that the challenge would necessarily imply the invalidity of the judgment or continuing confinement, then the challenge must be brought as a petition for a writ of habeas corpus, not under § 1983." <u>Butterfield v. Bail</u>, 120 F.3d 1023, 1024 (9th Cir.1997) (*quoting* <u>Edwards v. Balisok</u>, 520 U.S. 641 (1997)). This action should be **DISMISSED WITHOUT PREJUDICE.** A proposed order accompanies this Report and Recommendation.

REPORT AND RECOMMENDATION - 2

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **April 7th, 2006.**

DATED this 13th day of March, 2006.

*/S/ J. Kelley Arnold*
J. Kelly Arnold
United States Magistrate Judge

REPORT AND RECOMMENDATION - 3